# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

**WILD WATERSHED,** *et al.*,

    Plaintiffs,

v.                         No. 18 CV 486 JAP/SCY

**SANFORD HURLOCKER, District Ranger, Santa Fe National Forest,** *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Wild Watershed, Multiple Chemical Sensitivities Task Force, Dr. Ann McCampbell, and Jan Boyer (collectively, Plaintiffs) have challenged the decisions of the United States Forest Service (USFS) approving two projects in the Santa Fe National Forest (SFNF), the Hyde Park Wildland Urban Interface Project (Hyde Park Project) and the Pacheco Canyon Forest Resiliency Project (Pacheco Canyon Project).[1] Plaintiffs bring their claim for judicial review under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706, against federal Defendants Sanford Hurlocker, a District Ranger for the SFNF; James Melonas, the Supervisor of the SFNF; Cal Joyner, the Regional Forester for the USFS Southwest Region; and Victoria Christiansen, the Chief of the USFS (collectively, Defendants). Defendants are sued solely in their official capacities.

On January 15, 2019, Plaintiffs filed PLAINTIFFS' *OLENHOUSE* BRIEF (Doc. No. 29) (Olenhouse Brief) in support of their challenge to the USFS actions. In the Olenhouse Brief,

---

[1] *See* FIRST AMENDED COMPLAINT (Doc. 6) (Complaint).

Plaintiffs relied on materials outside the administrative record, including three declarations,[2] a journal article,[3] and guidance[4] from the interagency National Wildfire Coordinating Group (NWCG), of which the USFS is a member. Defendants have asked the Court to strike these extra-record materials.[5] Plaintiffs responded in opposition to the Motion to Strike and have also affirmatively moved the Court to consider the extra-record evidence.[6] Defendants replied in support of the Motion to Strike, so that it is fully briefed, and responded in opposition to Plaintiffs' Motion to Consider.[7] Plaintiffs did not file a reply in support of their Motion to Consider, but the deadline to do so has passed. The Court will therefore consider the Motion fully briefed. *See* D.N.M.LR-Civ. 7.1(b). After reviewing the briefing, the administrative record, and the relevant law, the Court will grant the Motion to Strike and will deny Plaintiffs' Motion to Consider.

I.   **DISCUSSION**

Plaintiffs claim that in approving the Hyde Park Project and the Pacheco Canyon Project, the USFS violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370h, the National Forest Management Act (NFMA), 33 U.S.C. §§ 1600-1687, the Wilderness Act, 16

---

[2] *See* DECLARATION OF RICHARD FAIRBANKS OFFERED IN SUPPORT OF PLAINTIFFS' OLENHOUSE BRIEF (Doc. 30) (Fairbanks Declaration); DECLARATION OF ANN MCCAMPBELL, M.D. (Doc. 31) (McCampbell Declaration); DECLARATION OF SAM HITT (Doc. 32) (Hitt Declaration).
[3] *See* Olenhouse Brief at 25-26 (citing Anjali Haikerwal, et al., *Impact of Smoke from Prescribed Burning: Is it a Public Health Concern?*, 65 J. Air & Waste Mgmt. Ass'n, 592, 592-593 (2015), available at https://www.tandfonline.com/doi/full/10.1080/10962247.2015.1032445). The Court notes that Plaintiffs provided two different citations to the same article in footnotes 10 and 11.
[4] *See* Olenhouse Brief at 26 (citing NWCG Smoke Management Guide for Prescribed Fire, available at https://www.nwcg.gov/publications/420-2).
[5] *See* FEDERAL DEFENDANTS' MOTION AND MEMORANDUM TO STRIKE PLAINTIFFS' EXTRA-RECORD MATERIALS (Doc. 36) (Motion to Strike).
[6] *See* RESPONSE TO DEFENDANTS' MOTION TO STRIKE AND IN SUPPORT OF PLAINTIFFS' MOTION TO CONSIDER EXTRA RECORD EVIDENCE (Doc. 37); PLAINTIFFS' MOTION TO CONSIDER EXTRA-RECORD EVIDENCE *NUNC PRO TUNC* (Doc. 38) (Motion to Consider).
[7] *See* FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MARCH 26, 2019 MOTION TO STRIKE PLAINTIFFS' EXTRA-RECORD MATERIALS [ECF NO. 36] (Doc. 42); FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MARCH 29, 2019 "MOTION TO CONSIDER EXTRA-RECORD EVIDENCE *NUNC PRO TUNC*," ECF NO. 38 (Doc. 43).

U.S.C. §§ 1131-1136, and the 2014 Farm Bill amendment to the Healthy Forests Restoration Act (HFRA), 16 U.S.C. §§ 6501-6591. As a challenge to final agency action, Plaintiffs' claims are reviewable under the APA. *See Utah Envtl. Cong. v. Russell*, 518 F.3d 817, 823 (10th Cir. 2008); *Native Ecosystems Council v. Erickson*, 330 F.Supp.3d 1218, 1228 (D. Mont. 2018). Under the APA, the Court examines the administrative record to determine whether the challenged agency actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . [or were executed] without observance of procedure required by law[.]" 5 U.S.C. § 706.

Defendants move to strike the extra-record evidence relied on by Plaintiffs because (1) Plaintiffs did not consult with Defendants and file a timely motion to supplement the administrative record in accordance with Local Rules and the Court's SCHEDULING ORDER (Doc. 23); and (2) Plaintiffs' extra-record materials do not meet the requirements for any exception to the rule limiting judicial review of an agency action to consideration of the contents of the administrative record. Under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "'Judicial review of agency action is normally restricted to the administrative record, but [the Tenth Circuit Court of Appeals has] recognized that consideration of extra-record materials is appropriate in extremely limited circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record.'" *Audubon Soc'y of Greater Denver v. U.S. Army Corps of Eng'rs*, 908 F.3d 593, 609 (10th Cir. 2018) (brackets in original omitted) (quoting *Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004)). The Court may also consider extra-record evidence "when there is a 'strong showing of bad faith or improper behavior.'" *Citizens for Alternatives to Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007) (quoting

3

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). "[W]here, as is often the case in the NEPA context, [the Court is] faced with an agency's technical or scientific analysis, an initial examination of the extra-record evidence in question may aid . . . in determining whether these circumstances are present." *Lee*, 354 F.3d at 1242. However, the existence of conflicting expert opinions "is an insufficient basis for admitting extra-record evidence[.]" *Id.* at 1244.

### A. Procedural Waiver

Plaintiffs argue that they were not required to file a motion to supplement the administrative record because they are only asking to expand the record before the Court, not asserting that the extra-record materials should be part of the administrative record. Plaintiffs are not attempting to complete the administrative record by introducing evidence that was actually considered by the USFS in reaching its decisions. However, what Plaintiffs seek to do is supplement the administrative record with extra-record evidence Plaintiffs argue is necessary for the Court's review. *See Colorado Wild v. Vilsack*, 713 F.Supp.2d 1235, 1238 (D. Colo. 2010) (discussing the difference between completing and supplementing the administrative record). As such, Plaintiffs were required to comply with the SCHEDULING ORDER (Doc. 23) entered by the Court in response to the parties' JOINT MOTION TO SET A SCHEDULE FOR ADMINISTRATIVE RECORDS PRODUCTION AND MERITS BRIEFING (Doc. 22). The SCHEDULING ORDER set October 30, 2018 as the deadline for "any Motion to Complete or Supplement the Administrative Record." Doc. 23. It further stipulated that "[a]ny disputes regarding the scope or content of the Administrative Records not raised during consultation of the Parties and by Motion by this deadline will be deemed to have been waived." *Id.* Because Plaintiffs failed to consult with Defendants and failed to raise the extra-record evidence by

motion on or before October 30, 2018, the Court concludes that Plaintiffs have waived their arguments for consideration of the extra-record evidence in the Court's determination of the merits of Plaintiffs claims.

### B. Circumstances Justifying Expansion of the Administrative Record

Additionally, Plaintiffs have not demonstrated that any of the "extremely limited circumstances" are present in this case that would justify consideration of Plaintiffs' extra-record materials.

#### 1. Health Impacts from Smoke

Plaintiffs argue that the journal article, the NWCG guidance, and the McCampbell Declaration (Doc. 31) indicate that the USFS failed to consider relevant factors it should have considered, namely the public health hazards presented by smoke from prescribed burning. However, the administrative record for the Hyde Park Project contains numerous documents discussing potential impacts to air quality and human health from the smoke emissions caused by prescribed burning. *See* HP000344-000579 (NWCG Smoke Management Guide for Prescribed and Wildland Fire 2001 Edition[8] addressing "basic control strategies for minimizing the adverse effects of smoke on human health and welfare); HP001297-001298 (Public comment from Ann McCampbell raising issues of chemical sensitivities, respiratory problems from smoke, and potential mitigation measures); HP001325-001326 (Response to public concerns with air quality impacts of smoke concluding that expected impacts from a wildland fire were worse than those from a prescribed fire); HP001331 (Letter raising concerns with air quality and health impacts of smoke); HP002328 (Public comment raising issues of chemical sensitivities and respiratory

---

[8] This appears to be a prior version of the same guidance Plaintiffs seek to introduce. The NWCG guidance relied on by Plaintiffs states that it is an update to the 2001 Edition. Plaintiffs' submission is dated February 2018, just a month before the decision memo on the Hyde Park Project, four months before the decision memo on the Pacheco Canyon Project, and long after the SFNF designations and scoping process for both projects began.

problems from smoke); HP001341-001343 (Public comment and response addressing smoke impacts and mitigation measures); HP001352 (Anticipated impacts of smoke from prescribed fire); HP001382 (New Mexico Environment Department comment regarding air quality and smoke management requirements); HP002331 (Public comment raising issues of chemical sensitivities and respiratory problems from smoke); HP002456-002461 (Public comments raising health problems caused by smoke from prescribed burns); HP002524 (New Mexico Environment Department Air Quality Bureau comment about air pollutant emissions); HP003220-003221 (Public comment from Plaintiffs raising issues of air pollutants, chemical sensitivities, and respiratory problems from smoke); HP003307 (Inventoried Roadless Areas (IRA) Briefing Paper discussing smoke sensitivities and the need to employ mitigation techniques to reduce the impacts of smoke during prescribed burning); HP003500-003502 (Response to Plaintiffs' public comment regarding health hazards of smoke stating that prescribed burn emissions will meet all air quality and pollutant regulation standards and that the USFS will use reliable smoke emission forecasting technology, will provide the public with advance notice of prescribed burns, and will mitigate impacts of smoke as much as possible); HP003516-003517 (Response to public comment regarding health hazards of smoke stating that prescribed burn emissions will meet all air quality and pollutant regulation standards and that the USFS will provide the public with advance notice of prescribed burns and will mitigate impacts of smoke as much as possible); HP003533-003534 (Decision Memo describing precautions that will be taken during prescribed burning to minimize air pollution).

      Some of these Hyde Park Project documents are applicable to the Pacheco Canyon Project as well, such as public comments that were directed to both proposals. Additionally, the administrative record for the Pacheco Canyon Project also contains documents referring to public

health concerns and smoke management issues. *See* PC000824-000825 (Public comment from Plaintiffs raising issues of air pollutants, chemical sensitivities, and respiratory problems from smoke); PC001077 (IRA Briefing Paper discussing smoke sensitivities and the need to employ mitigation techniques to reduce the impacts of smoke during prescribed burning); PC001129-001131 (Response to Plaintiffs' public comment regarding health hazards of smoke stating that prescribed burn emissions will meet all air quality and pollutant regulation standards and that the USFS will use reliable smoke emission forecasting technology, will provide the public with advance notice of prescribed burns, and will mitigate impacts of smoke as much as possible); PC001145-001146 (Response to public comment regarding health hazards of smoke stating that prescribed burn emissions will meet all air quality and pollutant regulation standards and that the USFS will mitigate impacts of smoke as much as possible and will provide the public with advance notice of prescribed burns); PC001245-001246 (Decision Memo describing precautions that will be taken during prescribed burning to minimize air pollution).

An administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers." *In re United States*, ___ U.S. ___, 138 S. Ct. 371, 372 (2017) (internal quotation marks omitted). Plaintiffs have not alleged that the administrative records for the Hyde Park Project or the Pacheco Canyon Project are over-inclusive. Although Plaintiffs did object to the content of the administrative records, they argued only that two additional documents should have been included, not that anything was improperly included in the administrative records as they were submitted to the Court. *See* OBJECTIONS TO THE RECORD (Doc. 27). Plaintiffs later withdrew these objections and acknowledged the administrative records as complete. *See* NOTICE: WITHDRAWAL OF OBJECTIONS TO THE RECORD (Doc. 28). The Court finds that the administrative records demonstrate that the USFS

did review and consider potential impacts to public health when making its decisions on the Hyde Park Project and the Pacheco Canyon Project.

When issues have been addressed in an administrative record, extra-record evidence is not allowed simply because it "might have supplied a fuller record" or "merely to bolster the record or supply background information." *Rags Over the Ark. River, Inc. v. Bureau of Land Mgmt.*, No. 12-cv-00265-JLK, 2014 WL 12741064, at *1 (D. Colo. Mar. 28, 2014) (quoting *Center for Biological Diversity v. Jewell*, No. CV-12-02296-PHX-DGC, 2014 WL 116408, *1 (D. Ariz. January 13, 2014); *Friends of the Earth v. Hintz*, 800 F.2d 822, 828 (9th Cir. 1986)). Neither is Plaintiffs' disagreement with the conclusions of the USFS as to the risks posed to public health by prescribed burning, the measures needed to mitigate those risks, or the relative weight of health risks as compared to the possible benefits of the projects an acceptable reason for the Court to admit extra-record evidence. *See Lee*, 354 F.3d at 1242 (declining to supplement the record with plaintiff's expert because "[i]n essence, [he] simply presents an expert opinion conflicting with the U.S. Air Force's conclusion" and "'agencies are entitled to rely on their own experts so long as their decisions are not arbitrary and capricious'" (quoting *Custer Cty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1036 (10th Cir. 2001))). The Court finds that the extra-record evidence submitted by Plaintiffs regarding the public health impacts of smoke from prescribed burning does not demonstrate that the USFS failed to consider relevant factors it should have considered. Accordingly, supplementation of the administrative record with the journal article, the NWCG guidance, and the McCampbell Declaration is not appropriate.

### 2. Old Growth Management Procedures

Plaintiffs assert that consideration of the Fairbanks Declaration (Doc. 30) is proper so that the Court can determine whether the USFS followed the required old growth management

procedures in the SFNF Forest Plan. The HFRA requires that projects categorically excluded from NEPA under the 2014 Farm Bill Amendment be consistent with the Forest Plan applicable to the project areas. *See* 16 U.S.C. § 6591b(e). Under the SFNF Forest Plan, the USFS project planning should include identification of old growth, with the goal of developing and retaining old growth on at least 20% of the forested area in a landscape. HP002641-002642; PC00308-00309. However, "[t]hinning is permitted in stands being managed for old growth when the result will enhance attainment of the old growth characteristics." HP002642; PC00309.

The administrative record shows that the USFS did analyze the vegetation in the project areas, and that it followed the Forest Plan procedures that were applicable to its conclusions. *See* HP002815, PC000482 (describing different categories of vegetation); HP003442, PC001167, PC001170 (determining that the Hyde Park Project area and the Pacheco Canyon Project area are dominated by young trees); PC001176-1177 (stating that the Pacheco Canyon Project would preserve all existing old growth in the project area); HP003443-003444, HP003446, HP003528, PC001176-1177, PC001204-001205, PC001207, PC001225, PC001241 (determining that the Projects would promote and maximize the potential for old growth formation in these areas); HP003530, PC001243 (determining that the Projects were consistent with the SFNF Forest Plan).

Additionally, the record contains methods of attaining these goals and reasons for these conclusions. *See* HP003439-003443, PC001200-001201, PC001204 (stating that trees larger than 16 inches in diameter will not be cut and are less likely to be destroyed by fire); HP003440, HP003443, HP003446, PC001202, PC001204-001205, PC001207 (stating that thinning the crowded stands of young trees will enable those trees that remain to increase their size and health). Although Plaintiffs complain as to the lack of procedural detail and disagree with

9

Defendants' conclusions, Plaintiffs are not entitled to demand a fuller record or to introduce competing expert opinions in support of their position when the USFS has considered the relevant factors. *See Rags Over the Ark. River.*, 2014 WL 12741064 at *1; *Lee*, 354 F.3d at 1242. The Court finds that the Fairbanks Declaration is not necessary to the Court's review of the administrative record, and consequently the Court will not allow the Fairbanks Declaration to supplement the administrative record.

## II. CONCLUSION

Plaintiffs do not present any argument for admission of the Hitt Declaration (Doc. 32) in support of the merits of their claim, instead stating that it is offered only in support of Plaintiffs' standing to bring their claims. The Court will consider the Hitt Declaration and the McCampbell Declaration (Doc. 31) as they may be needed to establish Plaintiffs' standing. However, the Court will not consider the extra-record evidence submitted by Plaintiffs in its review of the USFS decisions and the merits of Plaintiffs' claims.

IT IS THEREFORE ORDERED that:

(1) FEDERAL DEFENDANTS' MOTION AND MEMORANDUM TO STRIKE PLAINTIFFS' EXTRA-RECORD MATERIALS (Doc. 36) is GRANTED; and

(2) PLAINTIFFS' MOTION TO CONSIDER EXTRA-RECORD EVIDENCE *NUNC PRO TUNC* (Doc. 38) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE